

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

F.#2003R00092 *271 Cadman Plaza East*
DSS *Brooklyn, New York 11201*

November 2, 2009

By Hand and ECF

The Honorable Sterling Johnson, Jr.
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:  United States v. Laura Wang-Woodford
           Criminal Docket No. 03-070 (S-1)(SJ)

Dear Judge Johnson:

      The defendant in the above-captioned matter is scheduled to be sentenced on November 5, 2009 at 9:30 a.m.  The government submits this letter to briefly respond to certain arguments made by the defendant in her letter of October 8, 2009, and to supplement the government's prior sentencing submission of June 22, 2009.

      I.   The Appropriate Sentence

      As set forth in the government's prior submission, the government maintains that the applicable overall adjusted offense level is 21 which, coupled with a criminal history category of I, yields an advisory Guidelines range of 37 to 46 months.  The government seeks a sentence at the high end of this range.

      In opposing this request, the defendant argues that a two point minor role reduction is inconsistent with a sentence at the upper end of the applicable Guidelines range.  However, the defendant misconstrues the government's position.  As set forth in the government's prior submission, the government agreed that a two point minor role reduction is warranted because, for the majority of the duration of the offense, the defendant played a relatively minor role in Monarch's daily operations.  Conversely, during discrete periods of time the defendant exercised a supervisory function.  On balance, the government determined that a two point minor role reduction is warranted.

2

However, the government maintains (and indeed the defendant does not dispute) that she was a knowing participant in the instant conspiracy for years.  The fact that the offense continued for more than ten years, regardless of the defendant's day to day role in the company's operations, weighs heavily in favor of a sentence at the upper end of the Guidelines range.  In addition, the defendant does not dispute that she personally began a successor corporation to Monarch that engaged in the same illegal conduct.  It is also undisputed that the defendant possessed a Chinese weapons catalogue at the time of her arrest.

Finally, the defendant argues that she is "a person of good character . . . who has suffered considerably . . ." and that she is largely the victim of her husband's "destructive role in her life."  However, throughout her involvement in the instant offense the defendant lived a life of wealth and privilege.  The defendant continues to own multiple properties in the United States and Singapore.  It is undisputed that the defendant's lifestyle has been wholly supported by crime.  Thus, she is a not a victim, but rather a knowing participant who enjoyed the fruits of her illegal conduct for decades.

II. Conclusion

For the reasons set forth above, the government maintains that the Court should reject the defendant's request for a non-Guidelines sentence and instead impose sentence at the upper end of the applicable Guidelines range of 37 to 46 months imprisonment, along with a substantial fine.

Respectfully submitted,

BENTON J. CAMPBELL
United States Attorney

By:   /s/ Daniel S. Silver
Daniel S. Silver
Assistant U.S. Attorney
(718) 254-6034

cc:   Clerk of the Court (SJ) (By ECF)
Lawrence Ruggiero, Esq. (By ECF)